UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-24238-SCOLA
MAGISTRATE JUDGE REID

JESUS ENRIQUE
MENDOZA RODRIGUEZ,

    Petitioner,

v.

MARK J. MOORE,
Acting Field Director,
et al.

    Respondents.
_____/

# REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

## I.  Introduction

This matter is before the Court on Jesus Mendoza Rodriguez's ("Petitioner") *pro se* amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DE#18) and his Motion for Preliminary Injunctive Relief. (DE#12).  Petitioner challenges the length of his civil detention while he awaits removal from this country.  Petitioner poses a specific question to this Court:  whether his prolonged mandatory detention pursuant to 8 U.S.C. § 1225 without access to a bond hearing violates the Due Process Clause of the Fifth Amendment.  (DE#18).

This case has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636; S.D. Fla. Local Rule 1(f) governing Magistrate Judges; S.D. Fla. Admin. Order 2019-2; and the Rules Governing Section 2241 Cases in the United States District Courts.

Since Petitioner is no longer in federal custody, this Court has no further jurisdiction and should DISMISS the matter as MOOT.

## II.   Discussion

For a federal court to have subject matter jurisdiction over a habeas proceeding, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); accord *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  The "in custody" determination is made at the time the section 2241 petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).  Petitioner had clearly met the "in custody" requirement in that he was confined when he filed the instant petition.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to "'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980); *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted*); see also Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and

appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id*. at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). In other words, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis*, 494 U.S. at 477.

A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief. Therefore, if events that occur after the filing of a lawsuit or an appeal deprive the court of the ability to give the moving party meaningful relief, then the case is moot and must be dismissed. In fact, dismissal is required because mootness is jurisdictional.

Since a habeas petition challenges prison officials' or, more accurately in this case, immigration officials' authority to keep a prisoner in custody, the petitioner's release moots the petition. *See generally Lane v. Williams*, 455 U.S. 624, 632 (1982). Generally, where an alien is released from ICE custody pending removal from the United States, his petition for habeas relief is moot. *See generally He v. Gonzales*, Case No. Civ.A.05-1912, 2006 WL 1687796, *1 (W.D. La. 2006). *See also Revan v. Mukasey*, Case No. 08-20289-CIV, 2008 WL 3992291, *2 (S.D.Fla.

2008), citing, *He v. Gonzales, supra*; *Ismaila v. Department of Homeland Sec.*, Case No. CA 09-0184, 2009 WL 1635781, *1 (S.D. Ala. 2009), citing, *He v. Gonzales, supra*.

As to the instant proceeding, on March 25, 2019, Petitioner was released from ICE custody on parole pending the completion of his immigration proceedings. (DE#31-1:2). Petitioner was released without bond. (*Id.*). The venue of his immigration case was also transferred to the immigration court in Los Angeles, California. (*Id.* at 4).

Accordingly, there is "nothing for us to remedy, even if we were disposed to do so." *Soliman, supra*, 296 F.3d at 1243, quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998). This action thus no longer presents a justiciable case or controversy within the meaning of Article III. This federal petition should, therefore, be DISMISSED as MOOT.

### III.   Recommendation

Based on the foregoing, it is recommended that the amended petition for writ of habeas corpus (DE#18) filed pursuant to 28 U.S.C. § 2241 be DISMISSED AS MOOT without prejudice to Petitioner's right to file a future petition if circumstances change and that Petitioner's pending motion for injunctive relief (DE#12) be DENIED as MOOT. Given the order of the immigration judge (DE#31-1), a copy of this Report shall also be sent Petitioner at the address listed therein.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a de novo determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Dated this 17th day of May, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Jesus Enrique Mendoza Rodriguez
212954624
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
PRO SE

Jesus Enrique Mendoza Rodriguez
37925 Mountain Shadow Lane
Cathedral City, CA 92234
Updated Address per DE#31-1

Stephanie I. R. Fidler
United States Attorney's Office
99 NE 4th Street, Suite 300
Miami, FL 33132
305-961-9073
Fax: 305-530-7139
Email: Stephanie.Fidler@usdoj.gov